IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK CROSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1283-JDT-egb |
| | ) | |
| AARON GALLIMORE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff Frederick Crosby, an inmate at the Weakley County Detention Center in Dresden, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Officer Aaron Gallimore. Plaintiff alleges that Defendant Gallimore violated his Fourth Amendment right to be free of unreasonable search and seizures. Defendant has filed a motion for summary judgment [DE# 43]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is GRANTED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule

56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." Id. at 251-52.

The fact that Plaintiff did not respond does not require granting Defendant's motion. Nevertheless, if the allegations of the complaint are contravened by Defendant's evidence and Defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

In his complaint, Plaintiff alleges that he was walking home when Defendant drove up and stated that he had a warrant for Plaintiff's arrest. Plaintiff alleges that Defendant performed a pat down search and then made Plaintiff "strip out in the open, on the street." Plaintiff contends that there was no warrant for his arrest.[2]

Defendant has presented the following statement of undisputed facts [DE# 43-2]. Weakley County General Sessions Court issued a warrant for Frederick Crosby's arrest on November 16, 2012, for schedule II drug violations. Defendant learned about this warrant when it was posted at the Martin Police Station. On November 21, 2012, Defendant observed Plaintiff standing at the corner of Old Fulton Road and Smith Street in Martin, Tennessee. Defendant informed Plaintiff that he was being placed under arrest pursuant to an arrest warrant. Defendant observed that Plaintiff's pants were sagging, which indicated to him that Plaintiff was wearing multiple layers of pants. Before placing Plaintiff in his patrol car, Defendant conducted a pat down search. As part of the search, Defendant felt around the waistband of each of Plaintiff's pants and felt a bulge. The bulge was determined to be a

---

[2] At his deposition, Plaintiff conceded that an active arrest warrant existed for him on November 21, 2012. Crosby Depo., pp. 18-19, Def's Appendix G.

4

wrapped bag containing nine individually wrapped bags of crack cocaine and one bag of marijuana. Defendant reached into Plaintiff's pants to retrieve the drugs. No strip search was conducted.

## Official Capacity Suit

Plaintiff has not named the City of Martin as a defendant in this action; however, he has sued Defendant Gallimore in his official capacity, which is in essence a suit against the City.[3] Any claim against the City and Defendant in his official capacity fails because Plaintiff has made no factual allegations against the City. Instead, he has sued the City merely as Defendant's employer. See Crosby Depo. 44:18-21. See also Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691, 694 (1978) (Municipalities are not subject to liability for the deprivation of civil rights under the doctrine of respondeat superior; instead, municipalities may be liable under § 1983 for deprivations of civil rights when the deprivation resulted from the execution of a policy or custom of the municipality.) "[A] plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused her injury." Ford v. Cnty. of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008). In the present case, Plaintiff has identified no such policy or custom.

Accordingly, summary judgment is granted to Defendant Gallimore in his official capacity.

## Individual Capacity Suit

---

[3] In Hafer v. Melo, the Supreme Court clarified the distinction between official and individual capacity suits brought under § 1983. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." 502 U.S. 21, 25 (1991) (quotations and citations omitted).

Plaintiff alleges in his complaint that he was arrested without a warrant. However, it is undisputed that an arrest warrant was issued against Plaintiff on November 16, 2012, by the clerk of the General Sessions Court of Weakley County, Tennessee, for Schedule II drug violations. Because Defendant possessed a valid warrant at the time of Plaintiff's arrest, Plaintiff has no Fourth Amendment claim for unlawful arrest. See Richardson v. City of Dayton, 1991 WL 243562 (6th Cir. 1991).

Plaintiff also alleges that Defendant violated his constitutional right to be free from an unreasonable search during his arrest. It is well-established that an officer is entitled to conduct a valid search of an individual's person and area within his immediate control without a warrant if the search is pursuant to a lawful arrest. See Chimel v. California, 395 U.S. 752, 762-763 (1969) (An "arresting officer may search the arrestee's person to discover and remove weapons and to seize evidence to prevent its concealment or destruction, and may search the area 'within the immediate control' of the person arrested, meaning the area from which he might gain possession of a weapon or destructible evidence.")

In the present case, as discussed above, Plaintiff's arrest was lawful. The unrefuted evidence shows that, after the arrest, Defendant Gallimore conducted a frisk of Plaintiff's clothing and noticed a bulge around Plaintiff's waistband. He then proceeded to determine what the bulge was to protect his fellow officer and himself from potential harm. He found that the bulge was a bag containing nine individually wrapped bags of hard white substance

believed to be crack cocaine and a bag of a green leafy substance believed to be marijuana.[4] In his deposition, Plaintiff admitted that it only took Defendant few seconds to remove the drugs from his person. Crosby Depo. 33:25-34:4.

After Plaintiff was placed under arrest, Defendant had a legal right to conduct a search of Plaintiff's person as well as well as any area within his immediate reach. Consequently, Defendant is entitled to judgment as a matter of law on Plaintiff's unreasonable search claim. See U.S. v. Robinson, 414 U.S. 218, 235 (1973) ("[W]hen an officer had probable cause for an arrest, as the officer in the present case did, a more extensive exploration of the suspect's person was authorized. This was to protect the officer, but also to preserve evidence.") As stated in Robinson:

> [I]t would seem clearly unreasonable to expect a police officer to place a suspect in his squad car for transportation to the stationhouse without first taking reasonable measures to insure that the suspect is unarmed. We therefore conclude that whenever a police officer, acting within the bounds of his authority, makes an in-custody arrest, he may also conduct a limited frisk of the suspect's outer clothing in order to remove any weapons the suspect may have in his possession.

Id. at 250. See also Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir. 1986) ("The governmental interest in ensuring an arresting officer's safety and preventing the destruction of evidence provided justification for a limited search incident to an arrest of the arrestee's person and the 'area within his immediate control -- construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence.")

---

[4] Plaintiff stated in his own deposition that Defendant found drugs on his person. Crosby Depo. 28:20-28:23. Plaintiff also admitted that the drugs were in the form of "nine rocks" and a "bag of weed." Plaintiff further testified that these were individual bags wrapped into one bigger bag. Crosby Depo. 29:22-30:1.

Accordingly, Defendant's motion for summary judgment is GRANTED, and the clerk is DIRECTED to enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE